UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STANLEY V. WELLS,

    Petitioner,

v.

TAMMY L. CAMPBELL, Warden,[1]

    Respondent.

Case No. 24-cv-00172-YGR (PR)

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

This suit was reassigned from a magistrate judge to the undersigned in light of Ninth Circuit authority.[2] Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in Santa Clara County, which is in this district, so venue is proper here. 28 U.S.C. § 2241(d). He has paid the full filing fee. Dkt. 8.

## II. BACKGROUND

According to the allegations in the petition, petitioner was convicted in 2006 of forcible sodomy, forcible sexual penetration, residential robbery, and other charges in Santa Clara County Superior Court. Dkt. 1 at 1, 2. He was sentenced to 152 years to life in state prison plus 60 years due to the sentencing enhancements. *Id.* The California Court of Appeal denied his direct appeal on January 29, 2009. *Id.* at 2. According to the state appellate court's online database, the California Supreme Court denied his petition for review on April 15, 2009. *See People v. Wells*, Case No. S170948 (Apr. 15, 2009).

It does not seem that petitioner pursued any federal habeas petition after he completed his direct review as no such petition exists in this Court's electronic case management filing system.

---

[1] Tammy L. Campbell, the current warden of the prison where petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (concluding that magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before a magistrate judge).

Many years later, on February 27, 2023, petitioner filed state habeas petition in the Santa Clara County Superior Court, in which he sought to vacate his sentence and asserted that the DNA evidence in his jury trial was flawed. *Id.* at 2-3. On April 25, 2023, the state superior court denied his state habeas petition as procedurally barred because they were either: "(1) previously raised and rejected; (2) they could have or should have been presented in Mr. Wells's appeal; or they are (3) unsupported by the documents he has submitted." *Id.* at 4.

Petitioner filed the present petition on or about December 20, 2023, the date it was signed, and he had attached his state habeas petition. Dkt. 1.

## III. DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. Analysis

#### 1. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. A district court may raise *sua sponte* the issue of

whether a habeas petition is time-barred under 28 U.S.C. § 2244(d), but the court may not dismiss the petition as untimely without providing the petitioner with prior notice and an opportunity to respond. *Day v. McDonough,* 547 U.S. 198, 210 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1041, 1043 (9th Cir. 2001).

To the extent that petitioner wishes to raise similar claims to those he raised on direct review, it appears that such claims would be untimely as direct review was completed in July 2009, when the time to petition the United States Supreme Court for a writ of certiorari expired. *See* 28 U.S.C. § 2244(d) (explaining the one-year statute of limitations for filing habeas actions). Petitioner makes no allegations that would entitle him to delayed commencement or tolling of the statute of limitations. However, as mentioned, the court may not dismiss a habeas petition as untimely without giving petitioner fair notice and an opportunity to present his position. *See Herbst,* 260 F.3d at 1041, 1043. Petitioner has also indicated that he more recently filed a state habeas petition with respect to this judgment, but he has not indicated whether he is entitled to any statutory tolling. *See* 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit for federal habeas petitions). Lastly, petitioner has not indicated whether he is entitled to equitable tolling. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). Therefore, the Court orders petitioner to show cause why the claims in his petition should not be dismissed as untimely, as directed below.

### 2. Exhaustion

Before he may challenge either the fact or length of his confinement in a federal habeas petition, petitioner must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding claims raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted

3

petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines*[3] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

It appears that to the extent that petitioner seeks to only raise the claims he raised in his state habeas petition before the state superior court, he has presented a fully unexhausted petition as he failed to exhaust such claims by raising them in a state habeas petition before the California Supreme Court. If the claims are unexhausted, the petition must be dismissed without prejudice and may be re-filed once the claim has been exhausted. However, petitioner will be provided an opportunity to demonstrate that the claims have been exhausted and to show cause why this petition should not be dismissed without prejudice as unexhausted, as directed below.

## IV. CONCLUSION

For the reasons outlined above, petitioner shall show cause within **twenty-eight (28) days** of the date this Order is filed why this petition should not be dismissed without prejudice as untimely or unexhausted. **Failure to file a response within the designated time will result in the dismissal of this action.**

Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. **Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

IT IS SO ORDERED.

Dated: June 27, 2024

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

4