UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STANLEY V. WELLS,

                 Petitioner,

      v.

STATE OF CALIFORNIA,

                 Respondent.

Case No. 24-cv-00172-NW

**ORDER DISMISSING PETITION WITHOUT PREJUDICE**

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court (Gonzalez Rogers, J.) screened the petition and, on June 27, 2024, issued an order to show cause within 28 days as to why the petition should not be dismissed without prejudice as unexhausted or untimely. *See* ECF No. 11. The deadline has long passed. While the Court notes Petitioner on July 22, 2024, filed a document reiterating his claims, he did not address the substance of the order to show cause; namely why his petition should not be dismissed without prejudice as unexhausted or untimely. *See* ECF No. 12.

As stated in the Court's previous order, prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings; to accomplish that the prisoner must present their claim to the highest state court available, and provide that court with a fair opportunity to rule on the merits of each claim the prisoner seeks to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine "reflects a policy of federal-state comity . . . to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and quotation marks omitted). If it

1    is clear from the face of the petition that the claims are unexhausted, the court may raise the issue

2    of non-exhaustion on its own, and summarily dismiss the petition for lack of exhaustion.  *See*

3    *Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).  A fully unexhausted federal habeas

4    petition may not be stayed and must be dismissed.  *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150,

5    1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing

6    that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it

7    need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas

8    petition for failure to exhaust").

9         Petitioner states in his petition that he has presented his claims only to the Santa Clara

10   Superior Court.  ECF No. 1 at 2.  In addition, there is no record Petitioner filed any habeas

11   proceedings in the California Supreme Court.  Petitioner may not bypass state review; he must

12   first exhaust his claims in state court by raising each claim at every level of state appellate review

13   before re-filing his petition in federal court.  *Rasberry*, 448 F.3d at 1154.

14        Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a

15   new petition when his claims are exhausted.  The Clerk shall close the file.[1]

16        **IT IS SO ORDERED.**

17   Dated: April 11, 2025

18   _____

19   Noël Wise
     United States District Judge

---

[1] The Court need not reach the issue of timeliness at this time.  *Cf. Day v. MocDonough*, 547 U.S.
198, 209 (2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the
timeliness of a state prisoner's habeas petition").